IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:25-mj-548 |
| v. ) | |
| ) | |
| DANIEL JACOB BILLINGS, ) | |
| ) | |
| Defendant. ) | |

**CONSENT MOTION TO STRIKE AND FILE REDACTED
CRIMINAL COMPLAINT AFFIDAVIT**

The United States, by counsel, pursuant to Federal Rule of Criminal Procedure 49.1, and for the reasons stated below, respectfully requests this Court (1) strike from the public record the criminal complaint affidavit which contains inadvertently unredacted personal identifying information, *see* DE 2, and (2) file the attached, redacted version of the criminal complaint affidavit on the public docket in its place. *See* Ex. 1.

1. **Legal Standard**

Federal Rule of Criminal Procedure 49.1 lays out that if good cause is found, a Court may require redaction of certain information. FED. R. CRIM. P. 49.1(e)(1). Further, in "*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* at 235. When asked to seal court documents the court must follow specific procedures. Before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings to support its decision to seal the documents and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

Regarding the requirement of specific findings, the Fourth Circuit's precedent state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (*quoting Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Id.*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal.").

As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 66).

2. **Need for Sealing**

Here, the government simply moves to redact the victim's name, which appears in a photograph taken from Facebook, and which is displayed in the affidavit on page five. *See* DE 2, pg. 5. In the attached version of the affidavit, this name is redacted, and there is no other

difference between the two versions.

In this case, the government inadvertently provided the Court with an unredacted version of the criminal affidavit, which was sworn out before the Hon. William E. Fitzpatrick on September 12, 2025. DE 2. This criminal affidavit was then filed on the public docket. *See id*. The government only recently realized its error, and the government now respectfully seeks a remedy.

Given Federal Rule of Criminal Procure 49.1, Local Criminal Rule 49, and the substantial privacy interests related to an individual's personal identifying information (PII), it is common practice in this district for the government to leave out complete birthdates, names of witnesses or victims, telephone numbers, and other PII from its public filings. In this case, the affidavit uses "CW-1" throughout to refer to the victim, demonstrating the government's desire not to publicly identify the victim's name in the affidavit.

The government submits that substituting the attached redacted version for the publicly available version of the affidavit is appropriate for many reasons. First, by including this redaction, the government seeks to comply with the spirit of both Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49, which recognizes the need for certain PII to be redacted, although the names of adult victims are not required to be redacted. The government submits the publicly filed affidavit, and the attached version are identical, except for the redaction of the victim's full name. Recognizing that this Court must assess the public's right of access and less drastic alternatives than sealing, the government submits the redaction only covers the full name of the victim. Further, filing a redacted version of the criminal affidavit does not infringe upon the public's right of access to information because PII and the victim's identify is not the sort of information that the public has a right to view, at least at this stage of the proceedings.

Moreover, the Fourth Circuit has consistently recognized that releasing a redaction version of a document is a satisfactory alternative to having documents filed wholesale under seal. *See Media General Operations*, 417 F.3d at 429. Lastly, the government will make sure the defense has a copy of the full, unredacted version of the affidavit pursuant to its discovery obligations. Furthermore, the government communicated with defense counsel of record in this matter who indicated that defense has no objection to this request.

Therefore, for the foregoing reasons, the United States respectfully requests that the Court (1) strike from the public record the unredacted criminal complaint affidavit, *see* DE 2, and (2) file the attached, redacted version of the criminal complaint affidavit on the public docket in its place.

Respectfully submitted,

Lindsey Halligan
United States Attorney

Date: September 24, 2025      By:     /s/
Nicholas Durham
Assistant United States Attorney
NY Bar No. 4712741
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Nicholas.Durham@usdoj.gov
(O) (703) 299-3758
(F) (703) 299-3980